# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DOYLE, | 1:12-cv-1443 AWI GSA |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CALIFORNIA HIGHWAY PATROL; MADERA SHERIFF'S DEPARTMENT; and MADERA POLICE DEPARTMENT, | |
| Defendants. | |

## **INTRODUCTION**

Plaintiff, Thomas Doyle, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on September 4, 2012. (Doc. 1). Plaintiff alleges he was illegally arrested and beaten by Defendants and files this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff names the California Highway Patrol ("CHP"), the Madera County Sheriff's Department, and the Madera County Police Department as Defendants.

## **DISCUSSION**

A.  Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof

1

if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept as true the allegations in the complaint, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

  B. Plaintiff's Allegations

Plaintiff alleges that on September 10, 2010, he was pulled over by officers in the CHP, the Madera County Sheriff's Department, and the Madera Police Department.  He contends that when he was stopped he surrendered, but police officers assaulted him until he became unconscious.  After he woke up, he was tazed several times by twelve officers even though he

was in a submissive posture and told them that he suffered from asthma and epilepsy. Plaintiff is seeking monetary damages and requests that criminal charges be brought against all the officers for excessive force.

        C.       <u>Analysis of Plaintiff's Claims</u>

        **1.**      *Rule 8(a)*

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id</u>. at 47.

Plaintiff will be given an opportunity to amend portions of his complaint to comply with Rule 8(a). In the paragraphs that follow, the court will provide Plaintiff with the legal standards that may apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable. Plaintiff is advised that his amended complaint must contain all necessary allegations to support each cause of action.

        **2.**      *Section 1983 Claims*

The Civil Rights Act under which this action was filed provides :

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. 42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that <u>to state a claim for relief under section 1983, plaintiff must link a named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights</u>.

      *a.*    *Fourth Amendment Claim*

A claim of excessive force in the course of making an arrest may be brought in a section 1983 claim. However, Plaintiff must identify a constitutional violation to support a section 1983 claim. Plaintiff's current pleading does not assert a constitutional violation. Plaintiff is advised that an excessive force claim at the time of arrest is analyzed under the Fourth Amendment's objectively reasonableness standard. <u>Scott v. Harris</u>, 127 S. Ct. 1769 (2007); <u>Graham v. Connor</u>, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation. <u>Graham v. Connor</u>, 109 S. Ct. at 1865. Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. <u>Gregory v. County of Maui</u>, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing <u>Graham v. Connor</u>, 109 S. Ct. at 1865. The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2) whether a suspect posses an immediate threat to the safety of the officer and others, and 3) whether a suspect resists arrest. <u>Graham v. Connor</u>, 109 S. Ct. at 1872; <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F. 3d 912, 921 (9th Cir. 2001).

      In this case, Plaintiff describes an incident in which he alleges police officers used excessive force. However, Plaintiff has failed to identify any constitutional violation, as well as what specific actions each officer took in the alleged violations. Plaintiff must do so in order to state a claim.

      *b.*    *Individual v. Official Capacities*

Plaintiff is further advised that in In <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The

Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. Id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir.1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir.1988).

      Therefore, Plaintiff is advised that any police officer named must be sued in his or her individual capacity or the claim will be dismissed.

      *c.    Respondeat Superior*

      Plaintiff has not alleged any supervisors took part in this incident in the complaint. However, because Plaintiff has not named any defendants, the Court is providing this information in an abundance of caution. "Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). To the extent that Plaintiff intends to bring claims against any officers based on their supervisory roles, he must provide specific information that the supervisor participated in the violations, or knew of the violations but did nothing to prevent them.

      *d.    Eleventh Amendment*

      Plaintiff has named the California Highway Patrol and the Madera County Sheriff's Office as Defendants. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991), cert. denied, 503 U.S. 938 (1992)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1122 (1996); Puerto

Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See, Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. at 144; Natural Resources Defense Council v. California Dept. of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d at 1053; see also Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides grounds to dismiss the complaint against these defendants.  The complaint alleges no conduct that falls outside the scope of the immunities.  Thus, Plaintiff is advised that the California Highway Patrol and the Madera County Sheriff's Department are immune from suit.

        e.        *The Madera Police Department*

Although Plaintiff names the Madera Police Department as a defendant, he is advised that municipal departments are not appropriate Defendants in a section 1983 action.  As noted above, under Section 1983, a "person" acting under color of law may be sued for violations of the U.S. Constitution or federal laws.  The term "persons" under section 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. Vance v. County of Santa Clara, 928 F.Supp. 993, 995-996 (N.D.Cal.1996).  However, "persons" do not include municipal departments. Id.  "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." Stump v. Gates, 777 F.Supp. 808, 816 (D.Colo.1991).

If Plaintiff is attempting to sue the City of Madera, he is advised that a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. at 691; Davis v. Mason County, 927 F.2d

1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit.  City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements."  Thompson v. City of Los Angeles, 885 F.2d at 1443.  Official policy may derive from "a decision properly made by a local governmental entity's authorized decision maker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." Thompson v. City of Los Angeles, 885 F.2d at 1443, internal quotation marks omitted.  "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom."  Thompson v. City of Los Angeles, 885 F.2d at 1444.  "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983."  Polk County v. Dodson, 454 U.S. 312, 326 (1981), internal quotation marks omitted; see Rizzo v. Goode, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).  Thus, if Plaintiff wishes to state a cause of action against the City of Madera, he must identify an official policy, custom, or practice that is the basis of his claim.

### *3.     Leave to Amend the Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint.  If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case and be labeled "First Amended Complaint."  If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, _ F 3d. _, _, Nos, 09-15806, 09-15703, 2012 WL 3711591, at *1, n.1 (9th Cir. Aug., 29, 2012)(en banc), and it

must be complete in itself without reference to the prior or superceded pleading." Local Rule 220.

### **ORDER**

For the following reasons, the Court dismisses Plaintiff's complaint with leave to amend. Plaintiff is advised that when filing an amended complaint he should consider the instructions contained in this order. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff is also advised that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute this action.

IT IS SO ORDERED.

Dated:   **September 26, 2012**                      **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE